ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
MOLLY A. FRIEND (CABN 289677)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7177
FAX: (415) 436-6748
molly.friend@usdoj.gov

Attorneys for Federal Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CENTER FOR GENDER AND REFUGEE STUDIES and AL OTRO LADO, INC., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. CUSTOMS AND BORDER PROTECTION, <br><br> Defendant. | Case No. 3:24-cv-01601 <br><br> **DEFENDANT'S ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

**ANSWER**

Defendant U.S. Customs and Border Protection ("CBP" or "Defendant"), hereby responds to Plaintiffs' Complaint for Declaratory and Injunctive Relief ("Complaint") as follows:

**INTRODUCTION**

1. Paragraph 1 of the Complaint contains a characterization of the action to which no response is required. To the extent a response is required, Defendant admits that this action was brought by Plaintiffs pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 522, *et seq*. Except as expressly admitted, Defendant denies the allegations in paragraph 1.

2. Paragraph 2 of the Complaint sets forth Plaintiffs' characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, and thus no response is required.

3. Paragraph 3 of the Complaint sets forth Plaintiffs' characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, and thus no response is required.

4. Paragraph 4 of the Complaint sets forth Plaintiffs' characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, and thus no response is required.

5. Paragraph 5 of the Complaint sets forth Plaintiffs' characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, and thus no response is required.

6. Paragraph 6 of the Complaint sets forth Plaintiffs' characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, and thus no response is required.

7. Defendant admits that Plaintiffs submitted two FOIA requests to Defendant on October 5, 2023 ("Request One"), and December 14, 2023 ("Request Two"). The requests speak for themselves and are the best evidence of their contents, and all allegations concerning the contents inconsistent therewith are denied.

8. Defendant admits that Plaintiffs sought expedited processing as part of Request Two. The remaining allegations in paragraph 8 consist of Plaintiffs' characterization of alleged background information to which no response is required. To the extent a response is required, Defendant denies the allegations.

9. Defendant admits that at the time of the filing of the Complaint, it had not issued any final determination in response to Plaintiffs' Request Two. Defendant responds that on December 12, 2023, Defendant delivered its determination in response to Request One. An appeal was submitted on December 19, 2023. On May 16, 2024, a final response was issued as to Request One.

///

**JURISDICTION AND VENUE**

10. Paragraph 10 contains Plaintiffs' legal conclusions regarding jurisdiction, to which no response is required. To the extent a response is required, Defendant admits that the Court has subject matter jurisdiction over FOIA claims subject to the terms and limitations of the FOIA.

11. Paragraph 11 contains Plaintiffs' legal conclusions regarding jurisdiction, to which no response is required. To the extent a response is required, Defendant admits that the Court has subject matter jurisdiction over FOIA claims subject to the terms and limitations of the FOIA.

12. Paragraph 12 contains Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 12.

13. Paragraph 13 contains Plaintiffs' legal conclusions regarding venue, to which no response is required. To the extent a response is required, Defendant admits that venue is appropriate in this judicial district as set forth in the FOIA.

**INTRADISTRICT ASSIGNMENT**

14. Paragraph 14 contains Plaintiffs' legal conclusions regarding intradistrict assignment, to which no response is required. To the extent a response is required, Defendant respectfully directs the Court to the cited provision and denies all allegations inconsistent therewith.

**PARTIES**

15. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 15, and on that basis denies them.

16. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 16, and on that basis denies them.

17. Defendant admits that it qualifies as an "agency" under the FOIA, that it is subject to the FOIA, and that it has been delegated authority to administer certain provisions relating to apprehension and processing of noncitizens of the United States. Except as expressly admitted, Defendant denies the allegations in paragraph 17.

**FACTS**

18. Paragraph 18 of the Complaint sets forth Plaintiffs' characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action,

and thus no response is required.

19. Paragraph 19 of the Complaint sets forth Plaintiffs' characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, and thus no response is required.

20. Paragraph 20 of the Complaint sets forth Plaintiffs' characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, and thus no response is required.

21. Paragraph 21 of the Complaint sets forth Plaintiffs' characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, and thus no response is required.

22. Paragraph 22 of the Complaint sets forth Plaintiffs' characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, and thus no response is required.

23. Paragraph 23 of the Complaint sets forth Plaintiffs' characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, and thus no response is required.

24. Paragraph 24 of the Complaint sets forth Plaintiffs' characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, and thus no response is required.

25. Paragraph 25 of the Complaint sets forth Plaintiffs' characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, and thus no response is required.

26. Paragraph 26 of the Complaint sets forth Plaintiffs' characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, and thus no response is required.

27. Paragraph 27 of the Complaint sets forth Plaintiffs' characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, and thus no response is required.

28. Paragraph 28 of the Complaint sets forth Plaintiffs' characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, and thus no response is required.

29. Paragraph 29 of the Complaint sets forth Plaintiffs' characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, and thus no response is required.

30. Paragraph 30 of the Complaint sets forth Plaintiffs' characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, and thus no response is required.

31. Paragraph 31 contains Plaintiffs' legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 31.

**PLAINTIFFS' REQUESTS**

32. Defendant admits that Plaintiffs submitted Request One to Defendant on October 5, 2023. The request speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

33. Defendant admits that it assigned Request One tracking number CBP-FO-2024-002267.

34. Defendant admits that on December 12, 2023, Defendant delivered its determination in response to Request One, stating that it could not identify any records responsive to Request One. An appeal was submitted on December 19, 2023. On May 16, 2024, a final response was issued as to Request One.

35. Defendant admits that Plaintiffs submitted Request Two to Defendant on December 14, 2023. The request speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

36. Defendant admits that Plaintiffs requested expedited processing of Request Two. The request speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

37. Request Two speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

DEFENDANT'S ANSWER
3:24-cv-01601	5

<mark>

38. Defendant admits that it assigned Request Two tracking number CBP-FO-2024-032860.

39. Defendant admits that it has not issued a final determination in response to Request Two.

40. Defendant admits that it has not produced records in response to Request Two.

41. Paragraph 41 contains Plaintiffs' legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 41.

42. Paragraph 42 contains Plaintiffs' legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 42.

**CLAIMS FOR RELIEF**

**COUNT I**
**Violation of 5 U.S.C. § 552(a)(2) Failure to Make Records Available for Public Inspection**

43. Defendant incorporates by reference its response to each allegation set forth above as if fully set forth herein.

44. In so far as paragraph 44 contains a citation to a provision of the FOIA, Defendant admits that the paragraph cites the FOIA and respectfully refers the Court to the FOIA as the best evidence of its contents and denies any allegations in this paragraph inconsistent therewith.

45. Paragraph 45 contains Plaintiffs' legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 45.

**COUNT II**
**Violation of 5 U.S.C. § 552(a)(6)(A)(i) Failure to Make and Communicate Timely Determination**

46. Defendant incorporates by reference its response to each allegation set forth above as if fully set forth herein.

47. In so far as paragraph 47 contains a citation to a provision of the FOIA, Defendant admits that the paragraph cites the FOIA and respectfully refers the Court to the FOIA as the best evidence of its contents and denies any allegations in this paragraph inconsistent therewith.

48. Paragraph 48 contains Plaintiffs' legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 48.

**COUNT III**
**Violation of 5 U.S.C. § 552(a)(3)(C) Failure to Conduct Adequate Search**

49. Defendant incorporates by reference its response to each allegation set forth above as if

fully set forth herein.

50. In so far as paragraph 50 contains a citation to a provision of the FOIA, Defendant admits that the paragraph cites the FOIA and respectfully refers the Court to the FOIA as the best evidence of its contents and denies any allegations in this paragraph inconsistent therewith.

51. Paragraph 51 contains Plaintiffs' legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 51.

## COUNT IV
**Violation of 5 U.S.C. § 552(a)(4)(B) Unlawful Withholding of Agency Records**

52. Defendant incorporates by reference its response to each allegation set forth above as if fully set forth herein.

53. In so far as paragraph 53 contains a citation to a provision of the FOIA, Defendant admits that the paragraph cites the FOIA and respectfully refers the Court to the FOIA as the best evidence of its contents and denies any allegations in this paragraph inconsistent therewith.

54. Paragraph 54 contains Plaintiffs' legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 54.

## COUNT V
**Violation of 5 U.S.C. § 552(a)(3)(A) Failure to Make Records Promptly Available**

55. Defendant incorporates by reference its response to each allegation set forth above as if fully set forth herein.

56. In so far as paragraph 56 contains a citation to a provision of the FOIA, Defendant admits that the paragraph cites the FOIA and respectfully refers the Court to the FOIA as the best evidence of its contents and denies any allegations in this paragraph inconsistent therewith.

57. Paragraph 57 contains Plaintiffs' legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 57.

58. Paragraph 58 contains Plaintiffs' legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 58.

## COUNT VI
**Violation of 5 U.S.C. § 552(a)(6)(E) Failure to Make Expedited Processing Determination**

59. Defendant incorporates by reference its response to each allegation set forth above as if

fully set forth herein.

60. In so far as paragraph 60 contains a citation to a provision of the FOIA, Defendant admits that the paragraph cites the FOIA and respectfully refers the Court to the FOIA as the best evidence of its contents and denies any allegations in this paragraph inconsistent therewith.

61. Paragraph 61 contains Plaintiffs' legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 61.

## REQUEST FOR RELIEF

The allegations in paragraphs 1 through 10 following the "WHEREFORE" clause consist of Plaintiffs' request for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiffs are entitled to any relief whatsoever.

Defendant denies each and every allegation not specifically and expressly admitted herein.

## AFFIRMATIVE DEFENSES

Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation, including any defenses available pursuant to Federal Rules of Civil Procedure 8 and 12.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to compel the production or release of information that is protected from disclosure by one or more statutory exemptions or exclusions. 5 U.S.C. § 552(b). Disclosure of such information is not required or permitted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to declaratory relief and/or any other relief beyond what is provided for under the FOIA. 5 U.S.C. § 552.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs are neither eligible for nor entitled to attorney's fees or costs.

Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer, pursuant to the Federal Rules of Civil Procedure, as the facts and

circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays that:

1. Plaintiffs take nothing by the Complaint;
2. Defendant has judgment against Plaintiffs;
3. Defendant be awarded its costs of suit; and
4. For such other and further relief as the Court may deem proper.

DATED: June 6, 2024                                   Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

/s/ Molly A. Friend
MOLLY A. FRIEND
Assistant United States Attorney