ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
MOLLY A. FRIEND (CABN 289677)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7177
    FAX: (415) 436-6748
    molly.friend@usdoj.gov

Attorneys for Federal Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CENTER FOR GENDER AND REFUGEE STUDIES and AL OTRO LADO, INC., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. CUSTOMS AND BORDER PROTECTION, <br><br> Defendant. | Case No. 3:24-cv-01601 <br><br> **JOINT INITIAL CASE MANAGEMENT CONFERENCE STATEMENT** |

The parties to the above-entitled action jointly submit this INITIAL JOINT CASE MANAGEMENT STATEMENT pursuant to the Standing Order for All Judges of the Northern District of California and Court's Order dated June 25, 2024 (Dkt. No. 20).

**I.      JURISDICTION & SERVICE**

Plaintiffs brought this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq*. All parties have been served. There are no issues concerning personal jurisdiction, venue, or service.

## II. FACTS

This case arises from two FOIA requests submitted to Defendant U.S. Customs and Border Protection ("Defendant").  On October 5, 2023, Plaintiff Al Otro Lado ("AOL") submitted the first FOIA request ("Request One").  On December 14, 2023, AOL and Plaintiff Center for Gender & Refugee Studies (together "Plaintiffs") submitted a second FOIA request ("Request Two").  Plaintiffs sought expedited processing of Request Two.  On March 14, 2014, Plaintiffs filed the subject Complaint.

With regard to Request One, Defendant provided a response on May 16, 2024.  Defendant responded that it was unable to locate any records responsive to the request.  With regard to Request Two, the parties are in the process of meeting and conferring on proposed search terms.  On August 5, 2024, Defendant provided Plaintiffs with a proposed set of search terms to efficiently search for the materials sought in Request Two.  On August 8, 2024, Plaintiffs provided proposed edits and additions. The parties met and conferred on August 15, 2024, regarding the proposed terms and continue to work towards a finalized set of search terms.  Once the parties come to an agreement on the terms and a search is performed, the parties intend on entering into an agreement on a production schedule of responsive documents. To date, Defendant has not issued a determination as to Request Two.

## III. LEGAL ISSUES

Whether Defendant has violated FOIA by failing to issue timely determinations, perform an adequate search of agency records, by failing to disclose the existence of all responsive records, and/or by failing to produce all non-exempt responsive records. And whether as a remedy for this violation, Plaintiffs are entitled to declaratory judgment and injunctive relief compelling production of all non-exempt responsive records.

## IV. MOTIONS

There are no prior pending motions. The parties anticipate that, if the matter is not resolved through negotiations between the parties, Plaintiff will file a motion for judgment on the pleadings on the timely determination issue. Any remaining issues will be submitted to the Court via cross-motions for summary judgment.

**V.   AMENDMENT OF PLEADINGS**

The Parties do not anticipate any amendment to the Complaint at this time.

**VI.   EVIDENCE PRESERVATION**

The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). The parties acknowledge their duty to preserve relevant materials in accordance with applicable rules and case law.

**VII.   DISCLOSURES**

At this time, the parties respectfully request that the Court excuse the parties from the initial disclosure and conference requirements of Federal Rule of Civil Procedure 26.

**VIII.   DISCOVERY**

The parties do not anticipate discovery will be necessary beyond the production of documents in response to the subject FOIA Requests.

**IX.   CLASS ACTIONS**

This case is not a class action.

**X.   RELATED CASES**

Counsel for the parties are unaware of any related cases before another judge of this Court.

**XI.   RELIEF**

<u>Plaintiffs' Statement</u>: Plaintiffs seek an order compelling Defendant's issuance of a determination and production of the withheld records at a rate of 2000 pages per month, costs and attorneys' fees, and any other relief that the Court may deem appropriate.

<u>Defendant's Statement</u>: Defendant denies that Plaintiffs are entitled to any relief and will seek dismissal.

**XII.   SETTLEMENT AND ADR**

The parties are currently working to resolve their disputes and do not believe that ADR is necessary or appropriate at this time. If the parties are unable to resolve all of the issues raised by Plaintiffs' complaint, the parties may seek referral to a United States Magistrate Judge for a settlement conference at an appropriate time.

### XIII. OTHER REFERENCES

The parties agree that this case is not suitable for reference to binding arbitration or a special master, or reference to the Judicial Panel on Multidistrict Litigation.

### XIV. NARROWING OF ISSUES

The parties have conferred by Microsoft Teams and email in an effort to reach an agreement on proposed search terms to be used in the search for responsive documents to Request Two. Once such search is completed, the parties intend to meet and confer on an appropriate production schedule.

### XV. EXPEDITED TRIAL PROCEDURE

The parties anticipate that this case, as a FOIA matter, can be resolved on summary judgment. The expedited trial procedure is therefore inapplicable.

### XVI. SCHEDULING

Plaintiff's Statement:

Plaintiffs recognize that Defendant seeks to limit the scope of Request Two and hopes to reach an agreement as to a production schedule. However, FOIA requires that any agency issue a determination responsive to a request within thirty business days--that is, the agency must complete their searches, communicate the scope of records that it will release, and explain the reasons for any withholding. This obligation exists regardless of any scoping recommendations that an agency makes to the requester. Defendant's determination as to Request Two has remained pending for nine months. Defendant did not make its initial scoping recommendation until eight months after FOIA required it to issues its determination as to Request Two.

Given Defendant's delay and the current lack of agreement as to any production schedule, Plaintiffs request that the Court does not continue the currently scheduled Conference and the following dispositive motion deadlines:

Any Judgment on the Pleadings: September 16, 2024

Defendant's Motions for Summary Judgment: January 15, 2025

Plaintiff's Motion for Summary Judgment and Opposition: February 17, 2025

Defendant's Reply: March 3, 2025

Defendant's Opposition to Plaintiff's Motion for Summary Judgment: March 17, 2025

Plaintiff's Reply: March 31, 2025

<u>Defendant's Statement</u>: As indicated above, Defendant has provided a response to Request One and is in the process of finalizing a set of search terms to be used with regard to Request Two. Defendant intends to perform such search once an agreement can be reached and work with Plaintiffs on a mutually agreeable production schedule. At this time, Defendant does not see the need for a Case Management Conference while the parties continue to meet and confer and asks the Court to continue the currently scheduled Conference.

## XVII. TRIAL

If the parties do not reach a negotiated resolution, the parties anticipate that this entire case will be resolved on summary judgment, and do not anticipate the need for trial in this case.

## XVIII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Defendant is a government entity and therefore exempt from filing a certification of Interested Entities or Persons pursuant to Civil L.R. 3-15.

## XIX. PROFESSIONAL CONDUCT

The attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XX. OTHER

The parties are not presently aware of other matters that should be brought to the attention of the Court.

DATED: August 22, 2024                    Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

*/s/ Molly A. Friend*
MOLLY A. FRIEND
Assistant United States Attorney
*Attorneys for Defendant*

| | | |
|---|---|---|
| 1 | DATED: August 22, 2024 | CENTER FOR GENDER & REFUGEE STUDIES |

*/s/ Blaine Bookey\**
BLAINE BOOKEY
*Attorneys for Plaintiff*

*/s/ Edith Sangueza\**
EDITH SANGUEZA
*Attorneys for Plaintiff*

DATED:  August 22, 2024                    AL OTRO LADO, INC.

*/s/ Jeremy Jong\**
JEREMY JONG
*Attorneys for Plaintiff*

\* *In compliance with Civil Local Rule 5-1(h)(3), the filer of this document attests under penalty of perjury that all signatories have concurred in the filing of this document.*