Blaine Bookey (CA Bar No. 267596)
CENTER FOR GENDER & REFUGEE STUDIES
200 McAllister Street
San Francisco, CA 94102
Tel: (415) 703-8202
bookeybl@uclawsf.edu

Edith Sangueza* (NY Bar No. 5694534)
CENTER FOR GENDER & REFUGEE STUDIES
26 Broadway, 3rd Floor
New York, NY 10004
Tel: (415) 581-8839
sanguezaedith@uclawsf.edu

Jeremy Jong* (NJ Bar No. 066472014)
AL OTRO LADO, INC.
3511 Banks St.
New Orleans, LA 70119
Tel: (504) 475-6728
jeremy@alotrolado.org

*Admitted pro hac vice

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CENTER FOR GENDER AND REFUGEE STUDIES and AL OTRO LADO, INC., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. CUSTOMS AND BORDER PROTECTION, <br><br> Defendant. | Case No.  3:24-cv-01601-TLT <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS** <br><br> Motion Hearing: December 3, 2024 2:00 p.m. |

## I.      Statement of the Issues

Whether Defendant United States Customs and Border Protection ("CBP" or "Defendant") has violated the Freedom of Information Act ("FOIA")'s requirements on making determinations and promptly making records available, pursuant to 5 U.S.C. § 552(a)(6)(A)(i) and 5 U.S.C. § 552(a)(3)(A), respectively, and whether Plaintiffs are entitled to partial judgment on the pleadings on Counts II and V of their Complaint.

## II.     Introduction

The FOIA requires Defendant CBP to provide requesters a final, appealable determination within twenty business days of receipt of a request under the FOIA—or, where certain specified unusual circumstances exist, within thirty business days. 5 U.S.C. §§ 552(a)(6)(A)(i), 552(a)(6)(B)(i). And when an agency receives a properly filed FOIA request, it "shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). Accepting as true every factual allegation in Defendant's Answer, the pleadings in this case establish that Defendant violated the FOIA by failing to issue a timely final determination responsive to Plaintiffs' FOIA request and to promptly release records to Plaintiffs thereafter as required by the statute. Plaintiffs therefore request that the Court find in their favor on Count II, Failure to Make and Communicate Timely Determination, and Count V, Failure to Make Records Promptly Available. Plaintiffs also request that the Court order Defendant to issue its determination immediately and promptly make available responsive records.

## III.    Brief Statement of Admitted Facts

On December 14, 2023, Plaintiffs submitted a FOIA request (the "second FOIA request") to Defendant seeking records concerning its activities in and operation of several open-air detention sites in San Diego County. *See* ECF No. 1, Complaint ¶¶ 35, 38; ECF No. 14, Answer ¶¶ 35, 38. Plaintiffs requested information about the apparent CBP policy of keeping asylum seekers in outdoor camps in the San Diego sector for extended periods of time, exposed to extreme conditions without food, water, and shelter. *See* Compl. ¶¶ 2–5; Answer ¶¶ 2–5. Plaintiffs and the public at large have raised concerns about conditions at these sites. *See* Compl. ¶¶ 6, 36–37; Answer ¶¶ 6, 36–37.

1

1   Plaintiffs submitted the second FOIA request on December 14, 2023, and Defendant admits

2   that it received and assigned a tracking number to the request. *See* Compl. ¶¶ 35, 38; Answer ¶¶

3   35, 38. Defendant also admits that it "has not issued a final determination in response to" and "has

4   not produced records in response to" Plaintiffs' second FOIA request. Answer ¶¶ 39-40.

5   **IV.    Standard of Review**

6   A moving party is entitled to judgment in its favor when it "clearly establishes on the face

7   of the pleadings that no material issue of fact remains to be resolved and that it is entitled to

8   judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542,

9   1550 (9th Cir. 1990) (citation omitted). A nonmoving party's allegations must be accepted as true

10  and allegations of the moving party that have been denied must be deemed false for the purpose

11  of the motion. *Id.* (citations omitted).

12  **V.    Argument**

13  **A.  CBP has Failed to Issue a Timely Determination**

14  By statute, an agency "shall (i) determine within 20 days . . . after the receipt of any such

15  request whether to comply with such request and shall immediately notify the person making

16  such request" of that determination. 5 U.S.C. § 552(a)(6)(A)(i). This notification must consist of

17  a decision about the extent to which the agency will comply with the request, the reasons for any

18  denial, the right of the requester to seek assistance from the agency FOIA Public Liaison, and

19  appeal rights in the case of an adverse decision. *Id.*

20  Department of Homeland Security ("DHS") regulations require its components, including

21  CBP, to determine whether to grant or deny FOIA requests within 20 working days, barring

22  unusual or exceptional circumstances, and to notify the requester in writing of its decision to

23  comply with a FOIA request "in full or in part." 6 C.F.R. § 5.6(c). The notification must also

24  inform the requester of "any fees charged" and "of the availability of its FOIA Public Liaison to

25  offer assistance." *Id.* DHS components must also inform the requester of any adverse

26  determinations. 6 C.F.R. § 5.6(d). The content of any adverse determinations must include:

27  (1) The name and title or position of the person responsible for the denial;

28

2

(2) A brief statement of the reasons for the denial, including any FOIA exemption applied by the component in denying the request;

(3) An estimate of the volume of any records or information withheld, for example, by providing the number of pages or some other reasonable form of estimation. This estimation is not required if the volume is otherwise indicated by deletions marked on records that are disclosed in part, or if providing an estimate would harm an interest protected by an applicable exemption; and

(4) A statement that the denial may be appealed under § 5.8(a), and a description of the requirements set forth therein.

(5) A statement notifying the requester of the assistance available from the agency's FOIA Public Liaison and the dispute resolution services offered by [the Office of Government Information Services].

6 C.F.R. § 5.6(e). This DHS regulation implements the FOIA's requirement that agencies provide a prompt determination of whether they will comply with the request. 5 U.S.C. § 552(a)(6)(A)(i).

An agency does not properly discharge its duty to issue FOIA determinations when it responds to the requester with only a "general promise to produce non-exempt documents and claim exemptions in the future." *Citizens for Resp. & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 187 (D.C. Cir. 2013) ("*CREW*"); *see Aguirre v. U.S. Nuclear Regul. Comm'n*, 11 F.4th 719, 726 n.1 (9th Cir. 2021) (adopting *CREW*'s holding on FOIA determinations as "delineating the requirements for a proper response."). Rather, the agency must "(i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse." *CREW*, 711 F.3d at 188; *see also Our Children's Earth Found. v. Nat'l Marine Fisheries Serv.*, 85 F. Supp. 3d 1074, 1089 (N.D. Cal. 2015). As such, "an agency's failure to comply with the FOIA's time limits is, by itself, a violation of the FOIA." *Our Children's Earth Found.*, 85 F. Supp. 3d 1074, 1089 (N.D. Cal. 2015) (quoting *Gilmore v. U.S. Dep't of Energy,* 33 F. Supp. 2d 1184, 1187 (N.D. Cal. 1998)).

In certain enumerated "unusual circumstances," an agency may extend its determination response time by no "more than ten working days." 5 U.S.C. § 552(a)(6)(B)(i). Unusual

3

1  circumstances include "the need to collect the records from several separate places, voluminous

2  records called for in the single request, and a need for consultation with other agencies." *Open*

3  *Am. v. Watergate Special Prosecution Force*, 547 F.2d 605, 610 (D.C. Cir. 1976); *see also* 5

4  U.S.C. § 552(a)(6)(B)(iii).

5       Under the FOIA, an agency may delay issuance of a determination beyond thirty

6  working days only when it "can show exceptional circumstances exist and that the agency is

7  exercising due diligence in responding to the request." 5 U.S.C. § 552(a)(6)(C)(i). If the agency

8  succeeds in making this showing, the court may "retain jurisdiction and allow the agency

9  additional time to complete its review of the records." *Id*. "Exceptional circumstances" do not

10  include "delay result[ing] from a predictable agency workload of [FOIA] requests." 5 U.S.C. §

11  552(a)(6)(C)(ii). If an agency fails to demonstrate that it is facing an unpredictable deluge of

12  FOIA requests and it has acted diligently processing those requests, the Court may enter

13  judgment in favor of the plaintiff. *See Nightingale v. U.S. Citizenship & Immigration Servs.,* 507

14  F. Supp. 3d 1193, 1207 (N.D. Cal. 2020) (an agency "cannot use a predictably increasing

15  workload to excuse their chronic failure to make timely determinations on . . . FOIA requests").

16  An agency typically makes a showing of exceptional circumstances under 5 U.S.C. §

17  552(a)(6)(C)(i) in a motion to stay proceedings. *See, e.g., Fiduccia v. U.S. Dep't of Justice*, 185

18  F.3d 1035, 1040 (9th Cir. 1999); *Fox v. U.S. Dep't of Just.,* No. CV-94-4622 JMI (JRX), 1994

19  WL 923072, at *2 (C.D. Cal. Dec. 14, 1994).

20       Defendant has fallen short of its obligation to issue determinations within thirty working

21  days. Defendant admits that it received Plaintiff's FOIA request on December 14, 2023. *See*

22  Compl. ¶¶ 35, 38; Answer ¶¶ 35, 38. Defendant also admits that it "has not issued a final

23  determination in response to" the request. Answer ¶ 39. Defendant therefore admits that it failed

24  to communicate the scope of the documents it intends to produce and withhold, and the reasons

25  for withholding any documents.

26       Defendant has not sought a 5 U.S.C. § 552(a)(6)(C)(i) stay in this case. It has not asserted

27  any exceptional circumstances, nor any due diligence defense in its Answer to excuse itself from

28  FOIA's determination deadlines. As such, there is no material dispute in this case as to whether

4

1   Defendant has made any final and immediately appealable decision with respect to Plaintiffs'

2   request. It has not.

3   **B.  CBP Unlawfully Withheld Responsive Records**

4       FOIA imposes an obligation on agencies to make disclosable records "promptly

5   available." 5 U.S.C. § 552(a)(3)(A). Generally, "promptly available" means "within days or a

6   few weeks of a 'determination,' not months or years." *Sierra Club v. U.S. Env't Prot. Agency,*

7   No. 18-CV-03472-EDL, 2018 WL 10419238, at *5 (N.D. Cal. Dec. 26, 2018) (quoting *CREW*,

8   711 F.3d at 188). Some courts, including courts in this district, have found that an agency's

9   "failure to make a timely determination as to whether [records] should be disclosed constitute[s]

10  an improper withholding of those documents in violation of the FOIA." *Gilmore*, 33 F. Supp. 2d

11  at 1188; *Brown v. U.S. Customs & Border Prot.*, 132 F. Supp. 3d 1170, 1174 (N.D. Cal. 2015)

12  ("[F]ailing to respond to a FOIA request is as much a withholding as intentionally locking away

13  responsive information.").

14      Other courts have found that, where an agency fails to issue a timely determination and

15  then fails to produce responsive records within "days or a few weeks" of the determination

16  deadline, it necessarily fails to make records promptly available. *See e.g.*, *Owen v. U.S. Immigr.*

17  *and Customs Enf't.,* No. CV220550DSFAFMX, 2023 WL 9470904, at *6 (C.D. Cal. Jan. 12,

18  2023) (collecting cases); *Advocs. for the West v. Bonneville Power Admin.,* No. 3:20-CV-01028-

19  AC, 2021 WL 2229280, at *5 (D. Or. June 2, 2021). Plaintiffs prevail here under either standard.

20  Defendant admits that it has not issued a determination or produced records responsive to

21  Plaintiffs' second FOIA request. Answer ¶¶ 39–40. This determination is now approximately

22  eight months overdue. Even allowing for "a few weeks" to process the records, Defendant has

23  still failed to promptly make available the records within the timeframe required by the FOIA.

24  **C.  The Court Has Broad Discretion to Remedy Defendant's Unlawful Withholding**

25      In passing the FOIA, Congress made clear that "[i]nformation is often useful only if it is

26  timely. Thus, excessive delay by the agency in its response is often tantamount to denial."

27  *Gilmore*, 33 F. Supp. 2d at 1187 (quoting H. Rep. No. 876, 93d Cong., 2d Sess. (1974)). Indeed,

28  "unreasonable delays in disclosing non-exempt documents violate the intent and purpose of the

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS**

FOIA, and the courts have a duty to prevent these abuses." *Long v. U.S. Internal Revenue Serv.,* 693 F.2d 907, 910 (9th Cir. 1982). As such, the Act provides courts with broad statutory authority to enforce FOIA's time limitations and "imposes no limits on courts' equitable powers in enforcing its terms." *Brown*, 132 F. Supp. 3d at 1172 (quoting *Payne Enterprises, Inc. v. U.S.*, 837 F.2d 486, 494 (D.C. Cir. 1988)).

### 1.   The Court Should Order a Production Schedule

Once a FOIA suit is properly filed, the Court "has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). As such, "courts have discretion to set production schedules they deem reasonable when an agency has improperly withheld agency records." *Advocs. for the West*, 2021 WL 2229280, at *6–7 (ordering production of 1,000 pages per month). In *Washington v. U.S. Gen. Servs. Admin.,* for example, the court found that the agency failed to promptly produce records and ordered the production of those records within twenty-one days. No. 2:21-CV-00794-TL, 2022 WL 823550, at *5 (W.D. Wash. Mar. 18, 2022). Courts may also order production schedules based on Plaintiffs' need for the requested documents and the agency's processing capacity. *Sierra Club,* 2018 WL 10419238, at *6–7.

As described above, Defendant does not contest Plaintiffs' contention that it has failed to issue a determination or promptly produce responsive records. Nor does Defendant contest Plaintiffs' need for the records. Plaintiffs' Complaint explained that Defendant's conduct of operations at the open-air detention sites and the potential human rights abuses taking place at these sites has been a matter of widespread media interest, especially given the central role of border policy in the current presidential campaign season. *See* Compl. ¶¶ 2–6, 36–37. Defendant has not contested any of these allegations. *See* Answer ¶¶ 2–6, 36–37. As such, Plaintiffs request that the Court set a production schedule ordering Defendant to produce at least 1,000 pages per month. In the alternative, Plaintiffs request that the Court set a status conference to set a production schedule after taking Defendant's processing capacity into account. Defendant should prepare a *Vaughn* index for any withheld materials. *See, e.g.*, *Citizens Comm'n on Hum. Rts. v. Food & Drug Admin.*, 45 F.3d 1325, 1328 (9th Cir. 1995).

6

**2.   The Court Should Grant a Declaratory Judgment in Plaintiffs' Favor**

Plaintiffs are also entitled to a declaratory judgment that Defendants violated the FOIA's determination deadlines and prompt production requirement. Declaratory judgment is proper to resolve purely legal questions at issue where the judgment will clarify the legal issues and provide clarity to the parties and the public. *Biodiversity Legal Found. v. Badgley*, 309 F.3d 1166, 1174–75 (9th Cir. 2002). Declaratory judgment may be especially appropriate when an agency has ignored statutory deadlines. *Nat. Res. Def. Council, Inc. v. U.S. Env't Prot. Agency*, 966 F.2d 1292, 1299 (9th Cir. 1992). Courts have routinely issued declaratory judgments where agency failures to issue determinations or promptly produce records were not in dispute. *See, e.g., Advocs. for the West,* 2021 WL 2229280, at *5 (collecting cases); *W. Res. Legal Ctr. v. Nat'l Oceanic & Atmospheric Admin.*, No. 3:19-CV-01119-AC, 2020 WL 6829767, at *7 (D. Or. Nov. 20, 2020).

There is no issue of material fact concerning whether Defendant here has exceeded FOIA's statutory determination deadlines and failed to comply with the prompt disclosure requirement. The Court should grant Plaintiffs' motion.

**VI.   Conclusion**

Defendant has violated the FOIA's statutory deadlines. Plaintiffs therefore request that this Court retain jurisdiction and enjoin Defendant from continuing to violate the FOIA; order Defendant to immediately make a final determination responsive to Plaintiffs' FOIA request; order Defendant to make any responsive records promptly available and produce a *Vaughn* index for any withheld records; and order any additional relief that it deems proper.

Dated: September 20, 2024                    Respectfully submitted,
                                              /s/  Edith Sangüeza
                                             Edith Sangueza* (NY Bar No. 5694534)
                                             CENTER FOR GENDER & REFUGEE
                                             STUDIES
                                             26 Broadway, 3rd Floor
                                             New York, NY 10004
                                             Tel: (415) 581-8839
                                             sanguezaedith@uclawsf.edu

7

Blaine Bookey (CA Bar No. 267596)
CENTER FOR GENDER & REFUGEE
STUDIES
200 McAllister Street
San Francisco, CA 94102
Tel: (415) 703-8202
bookeybl@uclawsf.edu

Jeremy Jong* (NJ Bar No. 066472014)
AL OTRO LADO, INC.
3511 Banks St.
New Orleans, LA 70119
Tel: (504) 475-6728
jeremy@alotrolado.org

*Admitted Pro Hac Vice

*Attorneys for Plaintiffs*

8